Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7093 | **DATE** | November 22, 2010 |
| **CASE TITLE** | Andre Nelson (#2009-1202222) v. Isaac Ray Center, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's current application to proceed *in forma pauperis* [3] is denied without prejudice to Plaintiff submitting a completed application. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint in accordance with this order. Within 30 days of the date of this order, Plaintiff must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint. The clerk shall send to Plaintiff another *in forma pauperis* application and an amended complaint form. Plaintiff's failure to comply with this order within 30 days may be construed as Plaintiff's desire not to proceed with this case and will result in dismissal of the case without prejudice. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

　　Plaintiff, Andre Nelson (#2009-1202222), an inmate at the Cook County Jail, has filed this civil rights complaint under 42 U.S.C. § 1983 about his inability to obtain his psychiatric medication on time on August 18, 2010. Plaintiff seeks to proceed *in forma pauperis* and for the appointment of counsel.

　　Plaintiff's current application to proceed *in forma pauperis* is incomplete, as it does not include a copy of his jail trust fund account for a six-month period preceding his filing of this complaint. The issue of the filing fee must be resolved before this case can proceed forward. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis*, which allows the inmate to pay the filing fee in installments. If the court grants the inmate's application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must, with his application, "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

　　Although Plaintiff submitted an *in forma pauperis* application, he did not include a copy of his jail trust fund account for a six-month period before he filed this suit. If Plaintiff wants to proceed with this case, he must either pay the $350 filing fee or submit a completed *in forma pauperis* application on the form being provided, and include a copy of his inmate trust account statement. Failure to comply with this order within 30 days of the date of this order will result in summary dismissal of the case without prejudice.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

   Additionally, Plaintiff must file an amended complaint to proceed with this case as the current complaint is unclear as to what his claim is and who the defendants are. Plaintiff lists Nurse Jones and Isaac Ray Center on the cover of his complaint as the defendants. However, the defendants listed on page two of the complaint form include Cook County Jail officials and Chicago Heights officers. He may be referring to defendants from other cases. The facts of Plaintiff's complaint discusses only Nurse Jones, but none of the other defendants. Also, it appears that Plaintiff's claim is that he missed his afternoon dose of psychiatric medication, which was given to him later that night. Such an allegation does not state a constitutional claim to support a federal civil rights action. *See Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811-12 (7th Cir. 2000) (missing several doses of antibiotics for an infection did not rise to the level of a constitutional violation).

   Accordingly, the complaint is dismissed. To proceed with this case, Plaintiff must submit an amended complaint (plus a judge's copy and a service copy for each defendant) that states a valid claim and that better identifies who the defendants are and how each one was involved. If Plaintiff proceeds with his current claim, he may incur not only the expense of the $350 filing fee, but also the imposition of a strike under 28 U.S.C. § 1915(g). The accumulation of three strikes prevents the filing of a civil case in this court or on appeal without the prepayment of fees unless the inmate is able to demonstrate that he is in imminent danger of serious physical injury. § 1915(g). If Plaintiff does not submit an amended complaint, such inaction may be construed as his desire not to proceed with this case and will result in summary dismissal of this case without prejudice.

   Therefore, in order for Plaintiff to proceed with this case, within 30 days of the date of this order, he must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint that states a valid claim. Failure to comply with this order may be construed as Plaintiff's desire not to proceed with this case and will result in summary dismissal of the case without prejudice.